UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CIV-61905-RUIZ/STRAUSS

**SYLVIA SKEETE**,

    Plaintiff,

v.

**PITNEY BOWES MANAGEMENT SERVICE
d/b/a EXELA ENTERPRISE SOLUTIONS, INC.**,

    Defendant.
_____/

## ORDER GRANTING MEDIATOR'S MOTION TO COMPEL PAYMENT OF MEDIATOR FEE ("MOTION TO COMPEL") (DE 50)

**THIS CAUSE** has come before me upon the Mediator's Motion to Compel seeking to compel counsel for Plaintiff, Mr. Kenneth Saint George Mair, Esq., to pay his client's portion of the mediation fee in addition to fees for bringing the action to compel.[1] (DE 50). The District Court has referred to me the Mediator's Motion to Compel to take all action as required by law pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Rules of the Local Rules for the Southern District of Florida. (DE 52). Attorney Mair has not filed a Response, and the time to do so has now passed. I have considered the Motion to Compel, the record and am otherwise duly advised. For the reasons set forth below, the Motion to Compel (DE 50) is **GRANTED**.

**I.**    **Background**

On January 16, 2019, Plaintiff filed her complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida seeking, *inter alia*, damages and front pay

---

[1] On July 27, 2021, Ms. Marlene Quintana, B.C.S., Mediator, on behalf of GrayRobinson P.A., filed a separate notice of conferral pursuant to Local Rule 7.1(a)(3) attesting to her good faith effort to confer with Plaintiff's counsel regarding the Motion to Compel. (DE 51; DE 51-1).

1

pertaining to her allegations of employment discrimination. (DE 1-2). On July 29, 2019, Defendant removed this action to the United States District Court for the Southern District of Florida. (DE 1). On November 15, 2019, the District Court entered the Scheduling Order requiring the parties to select a mediator or notify the Clerk as to an impasse by December 6, 2019. (DE 27). On December 6, 2019, counsel for the parties jointly submitted a Notice of Filing Proposed Order Scheduling Mediation indicating that "[t]he mediation conference shall be held before Marlene Quintana, Esq. on July 10, 2020 at 10:00 AM." (DE 29; DE 29-1). The District Court issued an Order Scheduling Mediation before Ms. Quintana at the specified date and time. (DE 30). On July 1, 2020, the District Court granted the parties' joint motion to continue deadlines (DE 33) and extended the deadline to complete mediation to August 19, 2020. (DE 35). The parties then jointly filed a Second Notice of Filing Proposed Order Scheduling Mediation stating that "[t]he mediation conference shall be held before [Ms. Quintana] on Friday, July 31, 2020 at 10:00 AM. (DE 37; DE 37-1). On July 23, 2020, the District Court entered its Order Scheduling Mediation before Ms. Quintana at the specified date and time. (DE 38). On August 4, 2020, Ms. Quintana filed a Mediator's Report indicating that mediation was held on July 31, 2020 with all parties and their counsel but that a settlement was not reached. (DE 39).

On July 26, 2021, Ms. Quintana filed the instant Motion to Compel indicating that, while Defendant promptly remitted its portion of the mediation fee, the Plaintiff's $783.75 portion of the mediation fee remains outstanding. (DE 50 at ¶6). Additionally, Ms. Quintana avers that despite an invoice being sent on August 4, 2020, multiple reminders and "dozens of emails to Counsel for Plaintiff, the invoice remains unpaid." *Id.* Ms. Quintana attaches to her Motion to Compel copies of letter agreements – one regarding the mediation that was scheduled for July 10, 2020, and one

regarding the mediation that was scheduled for July 31, 2020 ("Agreements").  (DE 50-1 at 2-7).  The Agreements are executed by counsel for the parties and uniformly state that

> [e]ach attorney's firm is responsible for their respective client's share of the mediation fee.  Each attorney's law firm is to ensure that its client has provided it with a sufficient trust deposit to cover the mediation fee if the attorney's firm does not intend to guarantee payment of its client's portion of the mediation fee.

*Id.* at 2, 4, 6.  The Agreements also state that "[m]ediation time and preparation . . . will be billed at $475.00 per hour to be divided equally among the parties, unless [the mediator is] advise[d] otherwise."  *Id.*

Moreover, the Motion to Compel attaches a copy of the August 4, 2020 invoice sent to the parties in the amount of $783.75 each (DE 50-2), and the separate notice of conferral attaches copies of emails as detailed below:

| Date | Addressed to | Description |
| --- | --- | --- |
| August 4, 2020 | All counsel | Attaching the invoice |
| August 19, 2020 | Attorney Mair | Reminder about unpaid invoice |
| November 16, 2020 | Attorney Mair | Reminder about unpaid invoice |
| February 16, 2021 | Attorney Mair | Reminder about unpaid invoice |
| June 9, 2021 | Attorney Mair | Reminder about unpaid invoice |
| June 15, 2021 | Attorney Mair | Commenting about calls and left messages pertaining to the unpaid mediation fee |
| July 7, 2021 at 1:41 PM | Attorney Mair | Follow up on unpaid mediation fee after conversation of July 2nd |
| July 7, 2021 at 1:44 PM | Attorney Mair | Commenting about backup documentation that was sent and requesting payment by end of week to avoid a motion to compel that would additionally seek fees |
| July 13, 2021 | Attorney Mair | Demanding immediate payment to avoid a motion to compel that would additionally seek fees |
| July 15, 2021 | Attorney Mair | Demanding payment by the next day to avoid a motion to compel |

(DE 51-1).  The Motion to Compel also attests to two (2) hours of time at $495.00 per hour having been spent in efforts to compel payment of the mediation fee, including preparation of the instant motion.  (DE 50 at ¶¶9-10).  Having carefully reviewed the Motion to Compel and all of the

exhibits, I find that Ms. Quintana is entitled to the mediation fee and her requested fees of $990.00 for two (2) hours of time incurred in compelling payment of the delinquent mediation fee.

## II. Legal Standards

Compensation of mediators is governed by Local Rule 16.2(b)(7), which states in pertinent part:

> Mediators shall be compensated (a) at the rate provided by standing order of the Court, as amended from time to time by the Chief Judge, if the mediator is appointed by the Clerk on a blind, random basis; or (b) at such rate as may be agreed to in writing by the parties and the mediator, if the mediator is selected by the parties. Absent agreement of the parties to the contrary, the cost of the mediator's services shall be borne equally by the parties to the mediation conference. A mediator shall not negotiate or mediate the waiver or shifting of responsibility for payment of mediation fees from one party to the other. *All mediation fees payable under this rule shall be due within forty-five (45) days of invoice and shall be enforceable by the Court upon motion.*

S.D. Fla. L.R. 16.2(b)(7) (emphasis added).

Furthermore, "[p]ursuant to Local Rule 7.1(c), failure to file a response to a motion within 14 days after service of the motion 'may be deemed sufficient cause for granting the motion by default.'" *Ibezim v. GEO Grp., Inc.*, No. 17-CV-80572, 2018 WL 6426408, at *1 (S.D. Fla. Dec. 7, 2018) (quoting S.D. Fla. L.R. 7.1(c) and granting a motion to compel plaintiff's payment of a mediation fee and associated fees and costs).

## III. Analysis

Here, Ms. Quintana has fully supported that she is entitled to the requested mediation fee of $783.75 and that she is entitled to her reasonable fees of $990.00 for compelling payment of Plaintiff's portion of the mediation fee. The Agreements indicate that counsel for the parties agreed to the billing arrangements, agreed to be responsible for the mediation fee in the absence of collecting for it from their clients in advance, and the parties made no objections to the mediation fee charged. Indeed, Defendant promptly paid its portion of the mediation fee.

On the other hand, Plaintiff's counsel has been unresponsive to Ms. Quintana's diligent collection efforts for more than one year in spite of Local Rule 16.2(b)(7) providing that the mediation fee is "due within forty-five (45) days of invoice." S.D. Fla. L.R. 16.2(b)(7). Furthermore, Plaintiff's counsel has not responded to the Motion to Compel.

### IV. **Conclusion**

Accordingly, for the foregoing reasons, the Motion to Compel (DE 50) is **GRANTED** as follows:

1. Plaintiff's counsel, Mr. Kenneth Saint George Mair, and Plaintiff's counsel's law firm, the Law Offices of Kenneth Mair, Esquire, ("Debtors") shall be jointly and severally liable to GrayRobinson, P.A. in the amount of **$1,773.75** ($783.75 mediation fee plus $990.00 in attorney's fees);

2. Payment shall be made **on or before August 16, 2021**; and

3. If Debtors fail to make payment by **August 16, 2021**, GrayRobinson, P.A. may file a motion for entry of judgment against Debtors and/or for any further relief;

4. DEBTORS ARE HEREBY ADVISED THAT, IF THEY FAIL TO FULLY COMPLY WITH THIS ORDER AND FAIL TO PAY THE MEDIATION FEE AND ATTORNEY'S FEES AS ORDERED BY THIS COURT, A JUDGMENT MAY BE ENTERED AGAINST THEM, CONTEMPT PROCEEDINGS MAY BE INSTITUTED AGAINST THEM, AND THEY MAY BE FOUND IN CONTEMPT OF COURT. ADDITIONALLY, FURTHER SANCTIONS MAY BE IMPOSED UPON DEBTORS, INCLUDING BUT NOT LIMITED TO A FURTHER AWARD OF COSTS AND ATTORNEY'S FEES; and

5. The Court reserves jurisdiction to determine any further fees and costs pursuant to collection of a judgment in this matter.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 12th day of August, 2021.

Jared M. Strauss
United States Magistrate Judge

Copies furnished via CM/ECF to:

Hon. Rodolfo A. Ruiz, II
United States District Judge

Counsel of record